# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN K. SHACKLEFORD,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1178** (BOR Appeal No. 2045485)
                    (Claim No. 2008030728)

**ORKIN, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner John K. Shackleford, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Orkin, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 21, 2011, in which the Board affirmed a December 15, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 2, 2009, and December 29, 2009, decisions closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shackleford was working for Orkin, Inc. when he injured his right hip and lower back when he fell down some steps. The claim was held compensable for contusion of the right hip, lumbar sprain/strain, and sprain/strain of the right hip. On November 2, 2009, the claims administrator closed the claim for temporary total disability benefits based on the independent medical evaluation by Dr. Grady on September 14, 2009, which found that Mr. Shackleford had reached maximum medical improvement. On December 29, 2009, the claims administrator again

closed the claim for temporary total disability benefits because no medical evidence had been received indicating that Mr. Shackleford remained temporarily and totally disabled.

The Office of Judges affirmed the claims administrator's decisions, and held that the preponderance of the evidence established that Mr. Shackleford was no longer entitled to temporary total disability benefits. On appeal, Mr. Shackleford argues that his testimony along with the medical evidence establishes that he remained temporarily and totally disabled through March 8, 2010. Orkin, Inc. maintains that the closure of the claim for temporary total disability benefits was supported by the reliable evidence because Mr. Shackleford had reached maximum medical improvement.

Under West Virginia Code § 23-4-7a (2005), temporary total disability benefits are suspended at the earliest of: (a) information that the claimant has reached his/her maximum degree of medical improvement; or (b) has been released to return to work; or (c) has actually returned to work. The Office of Judges concluded that the evidence established that Mr. Shackleford had reached maximum medical improvement at the time of Dr. Grady's September 14, 2009, independent medical evaluation. It also noted that no viable suggestions had been offered regarding modalities of treatment for Mr. Shackleford's complaints of pain. The Office of Judges concluded that any treatment past that point has been either palliative in nature or ineffective in demonstrating improvement in Mr. Shackleford's condition. Thus, the decision to close the claim for temporary total disability benefits was correct. The Board of Review reached the same reasoned conclusions in its decision of July 21, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 22, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2